UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 14-CV-00456 |
| v. | : | |
| | : | Judge James L. Graham |
| JOHN DOE, subscriber assigned IP address 24.210.24.149, | : | Magistrate Judge Terence P. Kemp |
| | : | |
| Defendant. | : | |

**MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY**

Now comes Defendant John Doe, whom upon information and belief will be identified on or around October 6, 2014 as having been assigned IP address 24.210.24.149 on April 3, 2014 at 10:36 PM, pursuant to the subpoena served by Plaintiff on Time Warner Cable. Defendant seeks a protective order that Defendant's name and identifying information will not be published or provided to anyone other than Plaintiff's Counsel, pursuant to Fed. R. Civ. P. 26(c). Counsel for Defendant has attempted to confer with Plaintiff's counsel in order to resolve this matter without need for court involvement.

Furthermore, Defendant seeks leave of this Court to proceed in this action anonymously, and to have all pleadings with Defendant's identifying information filed under seal. Defendant will file Defendant's name and address, under seal, with this Court. This is due to the sensitive and salacious nature of the allegations, and because John Doe will be harmed simply by being named in this action, before a modicum of evidence has been produced identifying Defendant as the alleged infringer. While this pre-suit discovery action may have been necessary for the Plaintiff to obtain information to further its investigation of these claims, the Plaintiff and

1

Plaintiff's counsel now has a duty, pursuant to Fed. R. Civ. P. 11 to conduct a reasonable investigation before naming the proper party in this action. Additional reasons are included in the attached Memorandum in Support.

For these reasons, Defendant John Doe respectfully requests this Court grant this motion expeditiously for an appropriate protective order and for leave to proceed anonymously. Defendant has prepared a Proposed Order attached to this Motion.

In the alternative, John Doe respectfully requests this court stay the subpoena response, or amend the subpoena to direct the response to the Court to be held for an *in camera* inspection pending the court's decision on this motion.

                Respectfully submitted,

                /s/Kailee M. Goold
                Kailee M. Goold    (0089740)
                Kegler Brown Hill + Ritter LPA
                65 East State Street, Suite 1800
                Columbus, Ohio 43215
                Tel: (614) 462-5400
                Fax: (614) 464-2634
                kgoold@keglerbrown.com

                *Attorney for Defendant John Doe*

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY

**I.  STATEMENT OF FACTS**

On May 15, 2014, Malibu Media, LLC initiated this action by filing a complaint against an anonymous John Doe, having used internet protocol ("IP") address 24.210.24.149, alleging copyright infringement of fifty-two (52) video files, of which, based on their titles, Defendant reasonably assumes are of a pornographic nature. (Complaint, Exhibit A, Doc. No. 2). The Plaintiff sought expedited discovery from the Internet Service Provider allegedly using the IP address on the most recent date of infringement, of April 3, 2014, not each date or the range of dates of alleged infringement. Subpoena, Exhibit 1.

Attached to Plaintiff's Complaint is the Declaration of Patrick Paige, in which he admits that it is possible the infringer is not located at the same address as the internet subscriber with the alleged IP address. Declaration of Patrick Paige, ¶¶ 21-23. Mr. Paige identifies wireless internet connections ("WiFi") as a means of an infringer outside the residence using the connection for infringement. *Id.* at ¶ 22-23.

**II.  LAW AND ARGUMENT**

Leave to proceed under pseudonyms is discretionary with the court. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); Fed.R.Civ.P. 26(c)(1) (a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). In considering whether to grant such leave we start from the premise that proceeding pseudonymously is the exception rather than the rule. Fed.R.Civ.P. 10(a) requires that the complaint state the names of all parties. In order to circumvent this requirement, it must be shown that the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties. *Does I thru*

*XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *Doe v. Porter*, 370 F.3d at 560. In balancing these considerations, the court may consider (1) whether the party seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the party to disclose information of the utmost intimacy; (3) whether the litigation compels the party to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the parties are children. *Doe v. Porter*, 370 F.3d at 560; *Citizens for a Strong Ohio v. Marsh*, 123 Fed.Appx. 630 (6th Cir. 2005).

  **A.** **False Positives and Privacy Concerns Lead Courts to Routinely Permit Defendants in Malibu Media Actions to Proceed Anonymously.**

In a recent Malibu Media case, <u>this Court</u> granted a defendant's motion to proceed anonymously. *Malibu Media, LLC v. John Doe*, Case No. 2:14-cv-420-GLF-MRA, Doc. No. 77. Likewise, other Sixth Circuit courts have found good cause to allow defendants to proceed anonymously in similar suits, out of an abundance of caution, since the subscriber who pays the bill for the internet connection is not necessarily the user responsible for the alleged infringement. *Malibu Media v. John Does 1-28*, E.D. Mich No. 12-cv-12598, 2012 WL 7748917, *14 (Oct. 31, 2012) ("a significant portion of the subscribers identified by ISPs may not actually be the BitTorrent users who downloaded the Work"); *Patrick Collins, Inc. v. John Does 1-33*, E.D. Mich No. 4:12-cv-13309, 2013 U.S. Dist. LEXIS 50674, 38-39, (February 27, 2013) ) ("an IP address does not necessarily correlate to a particular alleged infringer because several people may access the same IP address") (citation omitted).

The Sixth Circuit is in line with other courts permitting defendants to proceed anonymously in similar infringement actions due to the concern that a false positive will embarrass and harass an innocent ISP account holder. *See e.g.*, *Digital Sin, Inc. v. Does 1–27,* No. 12–3873, 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012) ("The combination of [risk of false positive

4

identifications and stories of harassing and abusive litigation techniques by some law firms] and the nature of the copyrighted work in this case creates the possibility of undue embarrassment and harm were a Doe defendant's name to be publicly, but erroneously, linked to the illegal downloading of the plaintiffs copyrighted work. Accordingly, the Court finds that there are sufficient grounds to issue a protective order to protect against these concerns."); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (protective order issued recognizing "30% of the names turned *over* by ISPs are not those of individuals who actually downloaded or shared copyrighted material").

> B. **The Need for Anonymity Substantially Outweighs the Presumption That Parties' Identities are Public Information and the Risk of Unfairness to the Opposing Parties.**

Other courts in Malibu Media actions also find the association to pornographic material sufficiently embarrassing and the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties. *See e.g.*, *Malibu Media, LLC v. John Does 1–16,* No. 12–2078, 2012 WL 4717893, at *7 (E.D.Pa. Oct.3, 2012) ("With respect to the John Does' expectation of privacy, the Court finds that any detriment to this interest is mitigated by granting their request to proceed anonymously. . . . The John Does might thus be subject to public embarrassment upon the disclosure of the fact that their IP addresses were used to download pornographic material."); *Malibu Media, LLC v. John Doe*, 13-C-536, 3 (EDWI September 17, 2013) (good cause to allow the defendants to proceed anonymously) citing *Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) ("because Doe (as a defendant) has not purposefully availed himself of the courts, the public's interest in knowing his identity is weaker" . . . "[Plaintiff] will not be unfairly prejudiced because it will know Doe's true identity and can

prosecute any claims that have legal merit. The only consequence to [Plaintiff] that proceeding anonymously will be diminution of the threat of publicly disclosing Doe's identity (thereby embarrassing Doe) as leverage to force a settlement."); *Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 2012 WL 3641291, at *4 (S.D.N.Y. 2012) ("this Court and others have permitted defendants to litigate the BitTorrent cases anonymously upon a proper request to do so. The ability of a John Doe defendant to ensure that his name will not be publicly associated with the case removes much, if not all, of the leverage that a plaintiff would possess to unduly coerce him into settlement.").

The line of Malibu Media holdings just discussed stand in contrast to another recent copyright infringement suit before this Court. In *TCYK, LLC v. Does 48-98*, an anonymous *pro se* defendant filed a Motion to Proceed Anonymously. 2:13-cv-540, 2-3 (SDOH 2013). The Court denied the motion because the material at issue was a Robert Redford movie, titled "The Company You Keep"—which is not pornographic—and the defendant did not identify any of the *Doe v. Porter* factors, or how the need for anonymity outweighed the risk of unfairness to the plaintiff or the general presumption of public disclosure of court records. *Id.* at 2-3.

The present case, however, involves allegations of fifty-two (52) separate allegations of infringing pornographic movies. As more fully explained below, naming John Doe will disclose intimate information and will cause irreparable harm. Thus, the need for anonymity in this case outweighs the risk of unfairness to the plaintiff or the general presumption of public disclosure of court records.

    **C.    Mere Disclosure of John Doe's Name Will Result in Disclosure of Intimate Information and Irreparable Harm.**

Simply being associated with these allegations of collecting pornographic films will cause Defendant and Defendant's spouse great stress and mental anguish. Defendant is greatly

concerned about Defendant's reputation and the possible damage the mere allegation of this complaint could have on Defendant's reputation in the community.

In short, Defendant's life and business depends on Defendant's reputation in the community. Without revealing identifying information, Defendant has dedicated Defendant's life to public service. Defendant has been involved with local and state government for over twenty-five years. Defendant has leant support and dedication to a variety of causes, including but not limited to the rotary club, united way, and the cancer society. Defendant's hard work and commitment to Defendant's community has earned Defendant the utmost respect of Defendant's neighbors and beyond.

Defendant's relationships and reputation continue to keep Defendant employed and able to support Defendant's family. Indeed, the impact of disclosure would extend beyond just Defendant. It would harm others in the public sphere, as well as trade associations. Moreover, Defendant is an active member of Defendant's local Presbyterian Church where pornography is not only obviously discouraged but, should Defendant be connected to such prurient material, will likely result in Defendant being ostracized.

Once Defendant becomes associated with the claims in this matter, the damage will be done very quickly to Defendant's reputation, and Defendant may have no recourse to recover Defendant's legacy of public service, Defendant's reputation, or Defendant's church affiliation and companionship. This directly relates to the second *Doe v. Porter* factor in that alleging Defendant watches and illegally downloads and shares pornography, reveals alleged details of Defendant of the utmost intimacy, including the details of Defendant's sexuality.

If served, or service is waived, Defendant will generally deny all claims, as Defendant knows nothing about Bittorrent or the allegedly infringed content.

### D. Local Rule 79.3 Requires the Court to Stay the Subpoena Disclosure Pending the Ruling on this Motion

Local Rule 79.3(a)(3) requires that all documents that are the subject of a motion for sealing shall be submitted to the Clerk for filing in a securely sealed envelope, pending this Court's further order. Defendant respectfully requests this Court enter an urgent order staying the subpoena to Time Warner Cable, or modifying the Time Warner Cable subpoena to file the response under seal with the Clerk pending resolution of this Motion.

### III. CONCLUSION

For these reasons, Defendant John Doe respectfully requests this Court grant this motion expeditiously for an appropriate protective order and for leave to proceed anonymously. In the alternative, Defendant respectfully requests this court stay the subpoena response, or amend the subpoena to direct the response to the Court to be held for an *in camera* inspection pending the court's decision on this motion.

Respectfully submitted,

/s/Kailee M. Goold
Kailee M. Goold     (0089740)
Kegler Brown Hill + Ritter LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
Tel: (614) 462-5400
Fax: (614) 464-2634
kgoold@keglerbrown.com

*Attorney for Defendant John Doe*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Motion for a Protective Order and Leave to Proceed Anonymously was electronically filed with the Court this 6th day of October, 2014, and will be served via the Court's CM/ECF system upon the following:

Yousef M. Faroniya, Esq.
84 S. 4th Street
Columbus, OH 43215

*Attorney for Plaintiff*

                                                /s/Kailee M. Goold
                                                Kailee M. Goold (0089740)